FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 09 2021

TAMMY H. DOWNS, CLERK
By: /s/ Brnt Beall
         DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**AARON RABAH, individually and
On behalf of all others similarly situated**                     **PLAINTIFF**

v.                          Case No. 3:21-cv-235-JM

**DOORDASH, INC.**                                               **DEFENDANT**

This case assigned to District Judge Moody
and to Magistrate Judge Volpe

**CLASS AND COLLECTIVE ACTION COMPLAINT**

COMES NOW Aaron Rabah, individually and on behalf of all others similarly situated, by and through his attorney Chris Burks of WH LAW, for his Class and Collective Action Complaint against DoorDash, Inc. ("Defendant"), he does hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1.  This is a class action and a collective action brought by Plaintiff Aaron Rabah, individually and on behalf of all other drivers who worked for Defendant at any time within a three-year period preceding the filing of this Complaint.

2.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other drivers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.  Plaintiff also brings this action seeking relief for violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 through 115 ("ADTPA").

4. Doordash, Inc. solicits potential employees via online advertisements that offer high hourly wages for delivering food, even for individuals who do not own a car. After enticing individuals to sign up as drivers with the promise of receiving these high wages "today," Defendant manipulates drivers' profiles and performance metrics to decrease the number of jobs available to them in their area, thereby decreasing the amount of money they are able to earn as drivers.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

6. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. Plaintiff's claims under the AMWA and ADTPA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

8. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA and ADTPA claims pursuant to 28 U.S.C. § 1367(a).

9. The acts complained of herein were committed and had their principal effect within the Northern Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

10. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

11. The witnesses to violations alleged in this Complaint reside in this District.

12. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

### III. THE PARTIES

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Plaintiff Aaron Rabah is a resident and citizen of Greene County.

15. Plaintiff worked for Defendant as a driver within three (3) years preceding the filing of this Complaint.

16. Plaintiff was paid a varying rate based in part on the estimated duration, distance, and desirability of the delivery orders he completed.

17. At all times material herein, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

18. Defendant DoorDash, Inc., is a Delaware corporation that contracts employees to work as drivers throughout Arkansas and the United States of America.

19. Defendant's annual gross of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

21.   Defendant DoorDash, Inc.'s principal address is 901 Market St., Ste. 600, San Francisco, CA 94103.

22.   Defendant DoorDash, Inc's registered agent for service in the state of Arkansas is Registered Agent Solutions, Inc., 4250 N. Venetian Lane, Fayetteville, AR 72703.

23.   Defendant was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed classes, and has been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

24.   Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

### IV.   FACTUAL ALLEGATIONS

25.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

26.   During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a driver based in Paragould, Arkansas.

27.   Defendant directly hired Plaintiff and other drivers, paid them wages and extra compensation, dictated their work schedules duties, protocols, applications, assignments and employment conditions, and kept records regarding their employment.

28.   Plaintiff and other drivers delivered orders from restaurants and grocery stores to Defendant's customers.

29.   Plaintiff and other drivers were classified as hourly employees and paid a blended-rate that varies based in part on the duration and distance of deliveries completed.

30. Plaintiff and other drivers regularly worked in excess of forty (40) hours per weekly pay period.

31. It was Defendant's commonly applied practice to not pay Plaintiff and other drivers for all of the hours during which they were performing labor for Defendant, and to not pay them a lawful overtime premium.

32. As a result, Defendant did not pay Plaintiff or other drivers a lawful overtime wage of one and one-half (1.5) times their regular rate for all hours in excess of forth (40) in a week.

33. Plaintiff and other drivers were and are entitled to a lawful overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

34. Defendant refused to pay Plaintiff and other drivers for all hours worked, even though Defendant was aware of those additional hours worked.

35. Defendant knew, or showed reckless disregard for, whether the way it paid Plaintiff and other drivers violated the FLSA and AMWA.

36. Plaintiff and other drivers were not financially invested in the company.

37. Plaintiff and other drivers did not share in the profits or losses of the company.

38. Plaintiff and other drivers did not solicit customers. Plaintiff and other drivers receive job assignments via an online application (or "app") created and maintained by Defendant. The available delivery orders, or jobs, are made available to specific employees based on a variety of factors, which are also controlled and maintained by Defendant.

39. Defendant sets rules and has complete control over the manner and method of work to be performed, and Plaintiff and other drivers have to obey these rules or risk the loss of their jobs.

40. Defendant promised Plaintiff and other drivers a rate of pay based on delivery charges set by Defendant.

41. Plaintiff and other drivers relied on that promised rate of pay when accepting employment with Defendant.

42. Plaintiff and other drivers did not receive the promised rate of pay based on the delivery rates set by Defendant.

43. Defendant purposely retained more of the pay than promised, causing Plaintiff and other drivers to receive less income.

44. Further, Defendant manipulated the profiles and performance metrics for Plaintiff and other drivers, which decreased the number of jobs available for these drivers to take, thereby decreasing the amount of money they were able to earn.

45. Defendant solicits everyday citizens to work as drivers through online advertisements stating that drivers are needed in their area and promising them a high hourly wage if they sign up to drive today.

46. Once these citizens sign up to work as drivers, they set up profiles on the Defendant's app, listing the locations they will be driving out of, their means of transportation (car, bicycle, etc.), and other categories that determine what jobs are offered to them in Defendant's app.

47. The amount of jobs available to drivers is also affected by their performance metrics, or "Dasher ratings." These ratings are determined based on five categories: customer rating, which

is provided by customers once a job is completed; completion rating, based on the percent of deliveries that a driver has completed; acceptance rating, determined by the number of jobs that a driver accepts out of the number of job opportunities available to him/her in the app; and on time or early rating, based on the number of deliveries that the driver made that were not late.

48. Qualifying drivers whose performance metrics are high enough receive special incentives and benefits, including priority schedule access (being able to "dash," or drive, at any time, rather than being confined to a set schedule) and being prioritized for jobs over lower-ranked drivers when there are multiple drivers available for a job.

49. Defendant altered the location and means of transportation in Plaintiff's profile, causing the number of orders available for him in his actual location to dramatically decrease.

50. Defendant also engaged in the artificial deflation of Plaintiff and other drivers' performance metrics, causing them to be eligible for fewer jobs and decreasing the amount of money they were able to earn. This has the effect of causing Plaintiff and other drivers to receive less than the amount promised in Defendant's advertisements soliciting employees.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### A.   FLSA § 216(b) Class

51. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

52. Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

53. Plaintiff brings his FLSA claims on behalf of all drivers who worked for Defendant at any time within the applicable statute of limitations periods for more than forty (40) hours in a

week, who were non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    A.    Payment for all hours worked, including payment of overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

    B.    Liquidated damages; and

    C.    Attorneys' fees and costs.

54.    The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

55.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A.    They were non-exempt from the overtime requirements of the FLSA;

    B.    They were paid a blended and varying rate;

    C.    They worked more than forty (40) hours in workweeks;

    D.    They recorded their time in the same manner; and

    E.    They were subject to Defendant's common practice of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per work week.

56.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 200 persons.

57.    In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them as often, if not more so, than traditional U.S. Mail.

58. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA, breach of contract and unjust enrichment Rule 23 Class

59. Plaintiff, individually and on behalf of all other similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA, breach of contract and unjust enrichment as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

60. Plaintiff proposes to represent the class of drivers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

61. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA; whether Defendant entered into and breached a contract with Plaintiff and other drivers; and whether Defendant has been unjustly enriched by its failure to lawfully pay Plaintiff and the other drivers for all hours worked.

62. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

63. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

64. Plaintiff is unable to state the exact number of the potential members of the AMWA, breach of contract and unjust enrichment class but believes that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

65. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

66. Concentrating the litigation m this forum is highly desirable because Plaintiff and all proposed class members work or worked in Arkansas.

67. No difficulties are likely to be encountered in the management of this class action.

68. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked for Defendant and experienced the same violations of the AMWA, breach of contract and unjust enrichment that all other class members suffered.

69. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

70. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

71. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

72. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

73. 29 U.S.C. § 206 and 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C. § 206; 29 U.S.C. § 207.

74. Defendant failed to pay Plaintiff a one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

75. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

78. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

79. Plaintiff asserts this claim on behalf of all drivers for Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

80. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

81. 29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C. § 206; 29 U.S.C. § 207.

82. Defendant failed to pay Plaintiff and those similarly situated for all hours worked over forty (40) hours per week, despite their entitlement thereto, and instead deliberately chose to only pay them for some of those hours.

83. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

> **All drivers employed by Defendant within the past three years who worked more than forty (40) hours in any work week, were not paid through an LLC or other corporate entity owned by the driver, and did not have subcontractors working for the driver.**

84. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

85. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

86. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

87. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

88. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.* At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann.§ 11-4-203(4).

89. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

90. Defendant failed to pay Plaintiff all wages owed, as required under the AMWA.

91. Despite the entitlement of Plaintiff to payment of a lawful overtime payment under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium.

92. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

93. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

94. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF
### (Individual Claim for Breach of Arkansas Contract)

95. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

96. Defendant offered, and Plaintiff and accepted, employment with Defendant, creating a contract of employment. Plaintiff justifiably relied upon this promise to pay a set rate in accepting the contract for employment.

97. At different times, Defendant, through its software application and its employees/managers and/or agents, varied the rate of pay from the original contract offer, resulting in Plaintiff receiving less than provided for in the contract.

98. The consideration for each contract of employment was the payment of wages as agreed upon by Defendant and Plaintiff.

99. Plaintiff performed all conditions precedent to performance by Defendant.

100. Defendant breached this contract of employment with Plaintiff by deliberately failing to pay Plaintiff the set rate as promised, including a lawful overtime rate.

101. Plaintiff was damages by Defendant's breach in that he worked hours for which he should have been compensated at the agreed rate, but was not compensated because of Defendant's breach.

102. Plaintiff is entitled to recover all wages to which he is owed by contract, and all other damages from this breach of contract.

## X. FIFTH CLAIM FOR RELIEF
### (Individual Claim for Unjust Enrichment)

103. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

104. Whether the Court finds that Plaintiff had a breached contract with Defendant or not, Defendant has received and benefitted from the labor of Plaintiff such that retaining said benefits without compensation would be inequitable and rise to the level of unjust enrichment.

105. Plaintiff conferred on Defendant the benefit of his services.

106. At all times relevant, Defendant acted upon a plan to increase its earnings and profits by securing earnings promised to and made by Plaintiff.

107. Defendant retained and continued to retain such benefits contrary to the fundamental principles of equity.

108. By reason of Plaintiff working and Defendant keeping the amount promised to Plaintiff, defendant has been unjustly enriched at Plaintiff's expense with actual damages to Plaintiff.

## XI. SIXTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA, breach of contract and unjust enrichment)

109.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

110.   All members of the proposed class received the same contract offer and had the same breach as discussed above, *infra,* p. 13-14.

111.   Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.,* breaches of contract and unjust enrichment.

112.   At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated§ 11-4-203(4).

113.   Defendant failed to pay Plaintiff and members of the proposed class all wages owed, as required under the AMWA, and failed to uphold Defendant's promises to Plaintiff and the proposed class, as well as unjustly enriched itself.

114.   Despite the entitlement of Plaintiff and members of the proposed class to payment of lawful overtime payments under the AMWA, Defendant failed to pay Plaintiff and members of the proposed class a lawful overtime premium.

115.   Plaintiff proposes to represent the AMWA, breach of contract and unjust enrichment liability class of individuals defined as follows:

> **All drivers employed by Defendant in Arkansas within the past three years who worked more than forty (40) hours in any work week, were not paid through an LLC or other corporate entity owned by the driver, and did not have subcontractors working for the driver.**

116. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

117. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

118. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## XII. SEVENTH CLAIM FOR RELIEF
### (Individual Claim for Violation of the ADTPA)

119. Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

120. The ADTPA sets forth the State's statutory program prohibiting deceptive and unconscionable trade practices.

121. Defendant engages in business, commerce, and trade in the state of Arkansas, both by soliciting Arkansas citizens to work as drivers for the Defendant and by employing citizens in the state of Arkansas.

122. Engaging in unconscionable, false, or deceptive acts or practices in business, commerce, or trade is a violation of Arkansas Code Annotated § 4-88-107(a)(10). Defendant has engaged in prohibited conduct by:

        a.    soliciting citizens to work as drivers by promising them hourly wages higher than they are actually able to earn by working for the Defendant;

        b.    engaging in the manipulation of Plaintiff and other drivers' profiles and performance metrics to decrease the number of jobs available for Plaintiff and other drivers to take in the Defendant's web application, thereby causing Plaintiff and other drivers to make less money.

123.    Plaintiff prays for a trial by jury.

### XIII. PRAYER FOR RELIEF

124.    WHEREFORE, premises considered, Plaintiff Aaron Rabah, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.    That Defendant be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

B.    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

C.    A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

D.    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

  F. Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations; and judgment for damages for breach of contract and unjust enrichment;

  G. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.,* and attendant regulations at 29 C.F.R. §516 *et seq.,* in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class during the applicable statutory period;

  H. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann.§ 11-4-201, *et seq.,* and the relating regulations; as well as judgment for breach of contract and unjust enrichment;

  I. Judgment for damages pursuant to the Arkansas Deceptive Trade Practices Act, Ark. Code. Ann. § 4-88-113(d), *et seq.*, and the relating regulations;

  J. An order directing Defendant to pay Plaintiff and members of the class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

  K. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Aaron Rabah, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:  *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law